**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| MICHAEL DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:23-cv-632 |
| | ) | |
| SERGEANT BOZMAN, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LIEUTENANT ALLEN, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MAJOR LASSITER, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SERGEANT CLARK, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Michael Dawson ("Mr. Dawson"), by counsel and for his Complaint seeking judgment against Defendants Sergeant Bozman, Lieutenant Allen, Major Lassiter, and Sergeant Clark (collectively, "Defendants"), respectfully states as follows:

## JURISDICTIONAL STATEMENT

1.       This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4) over Mr. Dawson's 42 U.S.C. § 1983 claim asserted herein.

2.       Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to Mr. Dawson's claims occurred within the Eastern District of Virginia.

3.      Assignment to the Norfolk Division of the Eastern District of Virginia is proper pursuant to Eastern District of Virginia Local Rules 3(B)(4) and 3(C), because a substantial part of the acts and omissions giving rise to Mr. Dawson's claims occurred in Chesapeake, Virginia.

## PARTIES

4.      Mr. Dawson is and was, at all times relevant, a citizen of the United States of America and a resident of Chesapeake, Virginia.

5.      Defendant Sergeant Bozman ("Sergeant Bozman") is and was, at all times relevant to this action, a correctional officer employed by the Virginia Department of Corrections ("VDOC") at Indian Creek Correctional Facility ("ICCF") and acting under color of state law. Sergeant Bozman is sued in his individual capacity.

6.      Defendant Lieutenant Allen ("Lieutenant Allen") is and was, at all times relevant to this action, a correctional officer employed by the VDOC at ICCF and acting under color of state law. Lieutenant Allen is sued in his individual capacity.

7.      Defendant Major Lassiter ("Major Lassiter") is and was, at all times relevant to this action, a correctional officer employed by the VDOC at ICCF and acting under color of state law. Major Lassiter is sued in her individual capacity.

8.      Defendant Sergeant Clark ("Sergeant Clark") is and was, at all times relevant to this action, a correctional officer employed by the VDOC at ICCF and acting under color of state law. Sergeant Clark is sued in his individual capacity.

## FACTUAL ALLEGATIONS

9.      Mr. Dawson incorporates and realleges the foregoing paragraphs as if fully alleged herein.

2

10.     On December 31, 2021, Mr. Dawson was incarcerated at ICCF, located in Chesapeake, Virginia.

11.     ICCF is a facility operated by the VDOC.

12.     At all times relevant, Defendants were employed as correctional officers by VDOC at ICCF.

13.     On December 31, 2021, Mr. Dawson was assaulted by a fellow inmate ("John Doe") in his housing unit while he slept in his bed.

14.     Sergeant Bozman escorted Mr. Dawson to the medical department of ICCF to receive treatment for the injuries he sustained as a result of the assault.

15.     While Sergeant Bozman and Mr. Dawson were in the medical department, Mr. Dawson informed Sergeant Bozman that a fellow inmate had caused his injuries and provided him with John Doe's name and bunk number.

16.     Mr. Dawson also informed Sergeant Bozman that John Doe was a gang member and that he feared for his life and physical safety.

17.     Mr. Dawson told Sergeant Bozman that he did not want to be put back in the same housing unit as John Doe because he was afraid that John Doe would attempt to harm him again.

18.     Sergeant Bozman responded to this information by telling Mr. Dawson not to worry and assuring him that he would take care of the situation.

19.     Mr. Dawson remained in the medical department overnight and the following day, he spoke to Lieutenant Allen and Major Lassiter about the assault.

20.     Mr. Dawson explained to Lieutenant Allen and Major Lassiter that John Doe had brutally assaulted him the day prior, that John Doe lived in the same housing unit as him, that he believed John Doe was a gang member, and that he feared for his physical safety.

21.     Mr. Dawson also told Lieutenant Allen and Major Lassiter that he was afraid John Doe would attack him again if he were placed back in the same housing unit.

22.     Lieutenant Allen and Major Lassiter assured Mr. Dawson that they would address the situation and that he would not be harmed.

23.     Mr. Dawson was so afraid that he would be placed back in the same housing unit as John Doe that he had family members and his girlfriend call ICCC administration to address the issue.

24.     Notwithstanding the information provided to them by Mr. Dawson, Sergeant Bozman, Lieutenant Allen, and Major Lassiter failed to take any action to ensure that Mr. Dawson was not taken back to his housing unit where his attacker also lived or to address the known risk to his physical safety.

25.     Later on in the day, Lieutenant Allen and Sergeant Clark arrived at Mr. Dawson's cell in the medical department and began escorting him out of the medical building.

26.     Mr. Dawson realized that he was being taken back to the same housing unit where he had been physically assaulted the day prior and informed Lieutenant Allen and Sergeant Clark that he would be attacked again by John Doe if they took him back to the same unit.

27.     Mr. Dawson begged and pleaded to be taken to the Restrictive Housing Unit so that he would not be attacked again, but Lieutenant Allen and Sergeant Clark continued to drag him to the same housing unit where his attacker lived.

28.     The following day, on January 2, 2022, John Doe brutally assaulted Mr. Dawson again in their shared housing unit.

29.     Mr. Dawson sustained additional physical injuries as a result of the second attack and was finally placed in the Restrictive Housing Unit while an investigation was conducted.

30. After two weeks, the ICCF Intel team finally removed John Doe from general population and filed disciplinary charges against him for the assault on Mr. Dawson.

## COUNT I
**Deliberate Indifference to Inmate Safety in Violation of the Eighth Amendment's Prohibition on Cruel and Unusual Punishment - 42 U.S.C. § 1983**

31. Mr. Dawson incorporates and realleges the foregoing paragraphs as if fully alleged herein.

32. The Eighth Amendment to the United States Constitution protects inmates such as Mr. Dawson from cruel and unusual conditions of confinement. When a state actor is aware of a substantial risk of serious harm and disregards that risk, he runs afoul of the Eighth Amendment's protections by subjecting inmate(s) to inhumane conditions of confinement through deliberate indifference to their safety.

33. Defendants were aware of the substantial risk of serious harm that Mr. Dawson faced if he were taken back to his housing unit on January 1, 2022, by virtue of the information that Mr. Dawson provided them about the assault that took place on December 31, 2021.

34. Specifically, Mr. Dawson informed Defendants that the inmate who attacked him on December 31, 2021, lived in his housing unit, was a gang member, and would assault him again if they returned Mr. Dawson to the same housing unit as before.

35. Notwithstanding the known substantial risk of serious harm that Mr. Dawson faced, Defendants allowed Mr. Dawson to be taken from the medical department where he had just received treatment for the injuries inflicted by John Doe the day prior and returned him back to the housing unit where they knew John Doe would attack Mr. Dawson again.

36. Because Defendants allowed Mr. Dawson to be taken back to his housing unit on January 1, 2022, he was assaulted for a second time by John Doe on January 2, 2022.

37.     Defendants acted knowingly and deliberately when they allowed Mr. Dawson to be taken back to his housing unit and assaulted by John Doe.

38.     The actions of Defendants directly exposed Mr. Dawson to an immediate and unreasonable risk to his personal safety.

25.     At all times relevant to this action, Defendants acted under color of state law by virtue of their employment with the VDOC.

26.     Defendants, while acting under color of state law, inflicted cruel and unusual punishment on Mr. Dawson in violation of his Eighth Amendment rights.

27.     The actions and inactions of Defendants as described herein directly and proximately caused the injuries suffered by Mr. Dawson as a result of the January 2, 2022, assault.

## DAMAGES

28.     As a direct result of Defendants' unconstitutional conduct, Mr. Dawson suffered injuries and damages, including:

     a.   Violation of his constitutional rights;

     b.   Extreme pain, fright, suffering, humiliation, disfigurement, and loss of dignity; and

     c.   Past, present, and future medical expenses.

Accordingly, Plaintiff Michael Dawson demands judgment against Defendants Sergeant Bozman, Lieutenant Allen, Major Lassiter, and Sergeant Clark, jointly and severally, for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 in an amount to be established at trial, together with reasonable attorneys' and expert witness fees pursuant to 42 U.S.C. § 1988(b) and (c), and pre-judgment and post-judgment interest.

**A JURY TRIAL IS REQUESTED.**

                                        Respectfully submitted,
                                        MICHAEL DAWSON


                                        _____/s/_____
                                        Jonathan E. Halperin – VSB No. 32698
                                        Helen T. Vu – VSB No. 95051
                                        Halperin Law Center, LLC
                                        4435 Waterfront Drive, Suite 100
                                        Glen Allen, VA  23060
                                        Phone: (804) 527-0100
                                        Facsimile: (804) 597-0209
                                        jonathan@hlc.law
                                        helen@hlc.law

7