## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Norfolk Division

MICHAEL DAWSON,

      Plaintiff,

v.                                                    CASE NO.  2:23CV632

SGT. BOZEMAN, *et al.*,

      Defendants.

### ANSWER AND AFFIRMATIVE DEFENSES

COME NOW Defendants Bozman, Allen, Lassiter, and Clark, by counsel, and answer the complaint as follows:

### JURISDICTIONAL STATEMENT

1.  The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that this Court possesses federal question jurisdiction over claims arising under 42 U.S.C. § 1983.  Any remaining allegations are denied.

2.  The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in the Eastern District of Virginia.

3.  The allegations of this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that local venue is proper in the Norfolk Division of the Eastern District of Virginia.

## PARTIES

4.      Defendants lack sufficient information to admit or deny the allegations of this paragraph and, therefore, they are denied.

5.      Admit that, at all relevant times, Defendant E. Bozeman was a correctional sergeant employed by the Virginia Department of Corrections and assigned to Indian Creek Correctional Center (ICCC).  Admit that he is being sued in his individual capacity.  Any remaining allegations in this paragraph are denied.

6.      Admit that, at all relevant times, Defendant K. Allen was a correctional lieutenant employed by the Virginia Department of Corrections and assigned to Indian Creek Correctional Center (ICCC).  Admit that he is being sued in his individual capacity.  Any remaining allegations in this paragraph are denied.

7.      Admit that, at all relevant times, Defendant W. Lassiter was a correctional officer employed by the Virginia Department of Corrections and assigned to Indian Creek Correctional Center (ICCC), where she was an acting major.  Admit that she is being sued in her individual capacity.  Any remaining allegations in this paragraph are denied.

8.      Admit that, at all relevant times, Defendant C. Clark was a correctional sergeant employed by the Virginia Department of Corrections and assigned to Indian Creek Correctional Center (ICCC).  Admit that he is being sued in his individual capacity.  Any remaining allegations in this paragraph are denied.

## FACTUAL ALLEGATIONS

9.      Defendants incorporate their responses to the foregoing paragraphs as if fully set forth therein.

10.     Admitted.

11.    Admitted.

12.    Admitted.

13.    Defendants lack sufficient information to admit or deny this allegation and, accordingly, it is denied.

14.    Defendants lack sufficient information to admit or deny this allegation and, accordingly, it is denied.

15.    Defendants lack sufficient information to admit or deny this allegation and, accordingly, it is denied.

16.    Defendants lack sufficient information to admit or deny this allegation and, accordingly, it is denied.

17.    Defendants lack sufficient information to admit or deny this allegation and, accordingly, it is denied.

18.    Defendants lack sufficient information to admit or deny this allegation and, accordingly, it is denied.

19.    Defendants lack sufficient information to admit or deny this allegation and, accordingly, it is denied.

20.    Defendants lack sufficient information to admit or deny this allegation and, accordingly, it is denied.

21.    Defendants lack sufficient information to admit or deny this allegation and, accordingly, it is denied.

22.    Defendants lack sufficient information to admit or deny this allegation and, accordingly, it is denied.

23.     Defendants lack sufficient information to admit or deny this allegation and, accordingly, it is denied.

24.     Defendants lack sufficient information to admit or deny this allegation and, accordingly, it is denied.

25.     Defendants lack sufficient information to admit or deny this allegation and, accordingly, it is denied.

26.     Defendants lack sufficient information to admit or deny this allegation and, accordingly, it is denied.

27.     Defendants lack sufficient information to admit or deny this allegation and, accordingly, it is denied.  Denied that Defendants Allen and Clarke "dgrag[ged]" the Plaintiff anywhere.

28.     Admit that, between 12:20 a.m. and 12:23 a.m. on January 1, 2022, inmate R. Jones struck the Plaintiff with a chair, after which the Plaintiff ran out of the area.  Any remaining allegations in this paragraph are denied.

29.     Defendants lack sufficient information to admit or deny this allegation and, accordingly, it is denied.

30.     Admit that, on January 19, 2022, inmate R. Jones was charged with a disciplinary offense for simple assault.  Any remaining allegations in this paragraph are denied.

## **COUNT I**

**Deliberate Indifference to Inmate Safety in Violation of the Eighth Amendment's Prohibition on Cruel and Unusual Punishment – 42 U.S.C. § 1983**

31.     Defendants incorporate their responses to the foregoing paragraphs as if fully set forth therein.

32.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent that a response is required, admit that the Eighth Amendment prohibits the imposition of cruel and unusual punishment.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

25.     Admit that Defendants, acting within the scope of their employment, were acting under color of state law, but deny that Defendants engaged in the acts of deliberate indifference described in this complaint.[1]

26.     Denied.

27.     Denied.

## DAMAGES

28.     Denied.  Defendants deny that the Plaintiff has suffered any damages or injuries as a direct and proximate result of their alleged conduct, and specifically deny that the Plaintiff is entitled to recover any damages from these Defendants.  Defendants deny that the Plaintiff is entitled to an award of expenses, attorneys' fees, and/or expert fees.  Defendants deny that Plaintiff is entitled to any recovery in this action, whatsoever.

---

[1] The numbering of the complaint re-sets to paragraph 25 here, and for purposes of consistency, Defendants adopt the numbering scheme set forth in that document.

5

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Defendants deny that the present action is cognizable under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

### SECOND DEFENSE

Defendants deny that the Plaintiff has been denied any rights protected by the United States

Constitution or any portion of the United States Code.

### THIRD DEFENSE

Defendants deny that the Court has jurisdiction over any claim which might be construed to state a

claim under state law.

### FOURTH DEFENSE

Defendants deny that the Plaintiff has suffered any cognizable injuries or damages as a result of any

act or acts on the part of these Defendants and demand strict proof thereof.

### FIFTH DEFENSE

Defendants allege and aver that, to the extent that the Plaintiff has suffered any injuries or damages,

such injuries or damages were due to an act or acts by the Plaintiff, or on the part of others not under

the control of the Defendants, and for whose conduct they are in no way responsible.

### SIXTH DEFENSE

Defendants deny that the Plaintiff has suffered the injuries and damages alleged and call for strict

proof thereof.

### SEVENTH DEFENSE

Defendants deny that they are indebted to or liable to the Plaintiff in any sum whatsoever.

### EIGHTH DEFENSE

To the extent the complaint might be construed as stating any official-capacity claims, Defendants

are entitled to Eleventh Amendment immunity.

NINTH DEFENSE

Defendants are entitled to good faith and/or qualified immunity.

TENTH DEFENSE

To the extent that the Plaintiff has failed to allege any direct involvement on the part of any of the

Defendants in any of the acts or omissions complained of, such claims must fail since *respondeat*

*superior* is not available in an action under 42 U.S.C § 1983.

ELEVENTH DEFENSE

To the extent that this claim alleges negligence on the part of the Defendants, the claim is barred in

this Court by the Eleventh Amendment.

TWELFTH DEFENSE

As to any state-law claim for negligence against Defendants, Defendants are entitled to sovereign

immunity as a matter of Virginia law.

THIRTEENTH DEFENSE

Because the Plaintiff did not properly exhaust his available administrative remedies, his action is

barred under 42 U.S.C. § 1997e(a).

FOURTEENTH DEFENSE

To the extent the Plaintiff cannot establish a physical injury or the commission of a sexual act, any claim

for mental or emotional injury is barred under 42 U.S.C. § 1997e(e).


Defendants will rely on any and all other properly available defenses to the Complaint which may

arise from the Plaintiffs' prosecution of this action and reserves their right to amend this answer if at

any time they should be so advised.

Respectfully submitted,

BOZEMAN, ALLEN, LASSITER, and CLARK,
Defendants.

By:     _____/s/_____

Margaret Hoehl O'Shea, SAAG, VSB #66611
Attorney for Defendants
Criminal Justice & Public Safety Division
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 225-2206
(804) 786-4239 (Fax)
Email:  moshea@oag.state.va.us

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of January, 2024, I electronically filed the foregoing

Answer with the Clerk of the Court using the CM/ECF system, which will send a notification of

such filing (NEF) to all filing users, and I hereby certify that I have mailed by United States

Postal Service the document to the following non-CM/ECF participant:  N/A.

By:    _____/s/_____
Margaret Hoehl O'Shea, SAAG, VSB #66611
Attorney for Defendants
Criminal Justice & Public Safety Division
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 225-2206
(804) 786-4239 (Fax)
Email:  moshea@oag.state.va.us